KM

# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Helda Wilson, | No. CV 1-06-861-CKJ |
| Plaintiff, | **ORDER** |
| vs. | |
| R. Perkinson, et al., | |
| Defendants. | |

Plaintiff Helda Wilson, who is confined in the R.J. Donovan Correctional Facility at Rock Mountain[1] in San Diego, California, filed a *pro se* civil rights Complaint pursuant to 42 U.S.C. § 1983. The Court dismissed the Complaint with leave to amend.

Plaintiff filed a First Amended Complaint (Doc. #20). On November 25, 2008, this action was reassigned to the undersigned Judge. The Court will dismiss the Amended Complaint and this action.

**I.     Statutory Screening of Prisoner Complaints**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or an employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if a plaintiff has raised

---

[1] Plaintiff's claims relate to incidents that occurred while she was housed at the Corcoran State Prison, which is within the Eastern District of California.

1  claims that are legally frivolous or malicious, that fail to state a claim upon which relief may
2  be granted, or that seek monetary relief from a defendant who is immune from such relief.
3  28 U.S.C. § 1915A(b)(1), (2).  If the Court determines that a pleading could be cured by the
4  allegation of other facts, a *pro se* litigant is entitled to an opportunity to amend a complaint
5  before dismissal of the action.  See Lopez v. Smith, 203 F.3d 1122, 1127-29 (9th Cir. 2000)
6  (*en banc*).  Plaintiff's Amended Complaint will be dismissed without leave to amend because
7  further amendment would be futile.

**II.     Amended Complaint**

Plaintiff names the following individuals, who are employed at Corcoran State Prison, as Defendants in the Amended Complaint: Dr. R. Perkinson, Chief Medical Officer J. Fitter, Chief Medical Officer T. Bzoskie, and Optometrist C. Robison.

Plaintiff raises four grounds for relief and seeks money damages.

**III.    Failure to State a Claim**

**A.      Defendant Perkinson**

To maintain a claim under the Eighth Amendment based on prison medical treatment, a prisoner must show deliberate indifference to serious medical needs.  Estelle v. Gamble, 429 U.S. 97, 104 (1976).  To act with deliberate indifference, a prison official must both know of and disregard an excessive risk to inmate health.  Farmer v. Brennan, 511 U.S. 825, 837 (1994).  The official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists and he must also draw the inference.  Id.  This subjective approach focuses upon the mental attitude of the defendant.  Id. at 839.

"Deliberate indifference is a high legal standard."  Toguchi v. Chung, 391 F.3d 1051, 1060 (9th Cir. 2004).  In the medical context, deliberate indifference may be shown by (1) a purposeful act or failure to respond to a prisoner's pain or possible medical need and (2) harm caused by the indifference.  Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006) (citing Estelle, 429 U.S. at 104).

Medical malpractice or negligence is insufficient to establish a violation.  Toguchi, 391 F.3d at 1060.  Thus, mere negligence in diagnosing or treating a condition does not

- 2 -

1  violate the Eighth Amendment. Toguchi, 391 F.3d at 1057. Also, an inadvertent failure to
2  provide adequate medical care alone does not rise to the Eighth Amendment level. Jett, 429
3  F.3d at 1096. A difference in medical opinion also does not amount to deliberate
4  indifference. Toguchi, 391 F.3d at 1058. To prevail on a claim involving choices between
5  alternative courses of treatment, a prisoner must show that the chosen course was medically
6  unacceptable under the circumstances and was chosen in conscious disregard of an excessive
7  risk to the prisoner's health. Id.

8  Plaintiff claims that on December 28, 2000, Defendant Perkinson performed cataract
9  surgery on her left eye and that during the surgery he unintentionally pushed the lens of
10 Plaintiff's left eye into the far corner of her eye, causing her to experience vision problems
11 and adding strain to her right eye. Plaintiff further claims that Defendant Perkinson admitted
12 his negligence at a subsequent check-up.

13 Plaintiff's allegations are not sufficient to allege an Eighth Amendment medical claim
14 against Defendant Perkinson. Plaintiff has alleged, at best, that Defendant Perkinson acted
15 negligently in failing to properly carry out the surgery on Plaintiff's eye. Mere negligence
16 does not violate the Eighth Amendment. Toguchi, 391 F.3d at 1057. Accordingly, Plaintiff
17 has failed to state a claim against Defendant Perkinson.

18 **B.     Defendant Robison**

19 Plaintiff alleges that after her cataract surgery, Defendant Robison violated her Eighth
20 Amendment rights when he "checked [her] left eye knowing [her] left eye did not have a lens
21 in it. He ordered glasses knowing the [Plaintiff] could not wear them and knowing that it
22 would take three years for [Plaintiff] to have it removed." The Court assumes that Plaintiff
23 intends to refer to the corrective surgery that she states, in another portion of the Amended
24 Complaint, she received three years after the first surgery.

25 Although *pro se* pleadings are liberally construed, Haines v. Kerner, 404 U.S. 519
26 (1972), conclusory and vague allegations will not support a cause of action. Ivey v. Board
27 of Regents of the University of Alaska, 673 F.2d 266 (9th Cir. 1982); Rhodes v. Robinson,
28 612 F.2d 766, 772 (3d Cir. 1979). Plaintiff's allegations against Defendant Robison are

1 vague and conclusory. Plaintiff has not alleged that in checking Plaintiff's eye or in ordering 2 glasses for her that he was aware of a serious risk of harm to Plaintiff's health and failed to 3 act or that his actions resulted in further injury to her eye. Plaintiff has also failed to describe 4 how Defendant Robison knew that Plaintiff would not receive corrective surgery for three 5 years, nor has she alleged that Defendant Robison was responsible for the delay. Plaintiff 6 has therefore failed to show that Defendant Robison acted with deliberate indifference and 7 has failed to state a claim against Defendant Robison. Plaintiff's claims against Defendant 8 Robison will be dismissed.

### C. Defendants Fitter and Bzoskie

10 Plaintiff alleges that Defendant Fitter "had active and constructive knowledge of 11 [Plaintiff's] botched eye surgery . . . has caused the [Plaintiff] to suffer cruel and unusual 12 punishment and humiliation and [Plaintiff] had to await three years to get the botched eye 13 surgery corrected in violation of the Eighth and Fourteenth Amendment . . . ."

14 Plaintiff has not explained what Defendant Fitter did or failed to do that resulted in 15 Plaintiff waiting three years to receive corrective surgery. Plaintiff's claims against 16 Defendant Fitter are vague and conclusory and are not sufficient to establish an Eighth 17 Amendment violation. The Court will therefore dismiss Plaintiff's claims against Defendant 18 Fitter.

19 With respect to Defendant Bzoskie, Plaintiff claims that Defendant Bzoskie "had 20 active and constructive knowledge of [Plaintiff's] botched eye surgery," and that Defendant 21 Bzoskie "had the power to prevent [Plaintiff] from waiting three years to get the botched eye 22 surgery corrected." Plaintiff claims are again insufficient to state an Eighth Amendment 23 violation. Plaintiff has not alleged that Defendant Bzoskie was aware of a serious risk of 24 harm to Plaintiff's health and failed to respond appropriately, nor has Plaintiff described how 25 Defendant Bzoskie knew of Plaintiff's first eye surgery or why Defendant Bzoskie was 26 responsible for the three year delay in Plaintiff receiving corrective surgery. Plaintiff's 27 claims against Defendant Bzoskie will be dismissed.

28 / / /

### IV. Dismissal without Leave to Amend

As no Defendants now remain, the Court will dismiss the Amended Complaint. Leave to amend need not be given if a complaint as amended is subject to dismissal. Moore v. Kayport Package Exp., Inc., 885 F.2d 531, 538 (9th Cir. 1989). The Court's discretion to deny or grant leave to amend is particularly broad where Plaintiff has previously been permitted to amend his complaint. See Sisseton-Wahpeton Sioux Tribe v. United States, 90 F.3d 351, 355 (9th Cir. 1996). Moreover, where amendment would be futile, there is no reason to prolong litigation by allowing further amendments. Lipton v. Pathogenesis Corp., 284 F.3d 1027, 1039 (9th Cir.2002); Klamath-Lake Pharmaceutical Ass'n v. Klamath Med. Serv. Bureau, 701 F.2d 1276, 1293 (9th Cir.1983) (futile amendments should not be permitted).

Plaintiff's Amended Complaint suffers from the same deficiencies the Court identified in Plaintiff's original Complaint. Accordingly, the Court finds that further amendment would be futile and will dismiss the Amended Complaint without leave to amend.

### IT IS ORDERED:

(1) The Amended Complaint (Doc. #20) is **dismissed** for failure to state a claim pursuant to 28 U.S.C. § 1915A(b)(1), and the Clerk of Court must enter judgment accordingly.

(2) The Clerk of Court must make an entry on the docket stating that the dismissal for failure to state a claim counts as a "strike" under 28 U.S.C. § 1915(g).

DATED this 21st day of January, 2009.

_____
Cindy K. Jorgenson
United States District Judge